UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. _____

In Re Application of ELMER EDUARDO CAMPOS ÁLVAREZ for an Order Granting Leave to Issue Subpoenas for the Taking of Discovery Pursuant to 28 U.S.C. § 1782

## DECLARATION OF MARÍA DEL MAR PÉREZ AGUILERA

I, María del Mar Pérez Aguilera, declare as follows:

1. I am a lawyer with the National Human Rights Coordinator, a non-governmental coalition of 81 organizations working to defend human rights in Peru. As part of our work, we represent Mr. Elmer Campos Alvarez in the Peruvian justice system.

2. According to allegations, declarations, and evidence that I have reviewed, submitted as part of a criminal investigation, Mr. Elmer Campos Alvarez was shot twice in the back by the police, causing him to lose a kidney and his spleen, and causing a spinal cord injury that left him paraplegic for life. At the time he was shot, on November 29, 2011, Mr. Campos was protesting in the mountains above Celendín (Cajamarca, Northern Peru) against the Conga mining project. The Conga project belongs to Minera Yanacocha, a joint venture in which the U.S. company Newmont is a majority shareholder and the manager.

3. Mr. Campos is identified as an aggrieved party (i.e. a victim) in criminal investigation number 579-2011, opened on December 20, 2011, and currently in process before the Segunda Fiscalía Provincial Penal Corporativa de Celendín (Second Provincial Penal Corporate Prosecutors Office of Celendin). The investigation is aimed at determining the criminal liability

for the crimes of causing minor and severe bodily harm and abuse of authority, for the injuries caused to 13 protesters, mostly *campesino* farmers, including Mr. Campos. According to allegations, declarations, and evidence submitted as part of the criminal investigation, the protesters were wounded with automatic rifles and other firearms, some of them, like Mr. Campos, in the back. In addition to assigning criminal responsibility to the direct participants and the accomplices, Peruvian law permits the prosecutor to identify third parties that should be held civilly responsible for the crimes committed ("terceros civilmente responsables"); such civil third parties could be required to provide economic reparations to the aggrieved parties, even if they do not face criminal liability for their actions.

4. The investigation has been subject to multiple interventions on behalf of the aggrieved parties, including Mr. Campos. Most recently, the office of the senior prosecutor for Cajamarca has ordered the local prosecutor to formalize and continue the investigations against the two commanding police officers to determine whether they were direct co-authors of crimes committed against Elmer Campos and others. According to information submitted as part of the criminal investigation, the police officers acted in close cooperation with officials from the mining company. Several of the officers explicitly mentioned in their statements that during the operation of November 29, they were providing security services to the mining company, and were assisted by the mining company's security staff.

5. In addition to the criminal investigation, Mr. Elmer Campos, represented by the lawyer Victor Rodriguez Moreno, has presented a civil action for damages against government officials and the Peruvian National Police. This action was filed on October 1, 2013 before the 20th Civil

Court of Lima (20 Juzgado Civil de Lima), and was given case number 26000754-2013. The action is currently pending in the courts.

6. For Mr. Elmer Campos, it would be of extreme importance that the prosecutor in charge of the criminal investigation, and the court hearing his civil action, have all the evidence necessary to determine precisely what happened on November 28-29, and the exact level of involvement of officials of the mining company in those events. Evidence of the mining company's involvement is relevant whether it is to impute criminal liability to the company either as an accomplice or participant with respect to the injuries sustained, to include the company and its employees as civil third parties in the criminal investigation responsible for the harms done to Mr. Elmer Campos, or to assess the civil liability of the different actors named in the civil suit. In this regard it would be of particular relevance to the ongoing process to obtain accurate information about the level of coordination between the police and the company, the characteristics and intensity of the logistical support provided by the company to the police, and if applicable, the instructions given by the company to the National Police of Peru.

7. Theoretically, in Peru, the Public Ministry is responsible for bringing criminal actions and should pursue the investigation by gathering necessary evidence to clarify the facts. Additionally, Civil Courts are tasked with analyzing all the information presented and drawing an objective determination of civil liability. However, in practice, the prosecutors and civil judges are overworked and receive many pressures not to prosecute state agents involved in serious violations of human rights. All this makes the evidentiary contributions provided by the aggrieved parties of vital importance for the successful development of the criminal investigation

and civil suit. The Peruvian judiciary would accept the evidentiary contributions produced through a discovery action in U.S. courts.

8. Moreover, if the company and its employees are included as civil third parties in the criminal investigation, it would greatly improve the possibility that Mr. Elmer Campos would be able to effectively receive compensation for the severe harms that were inflicted on him. This is because in Peru there are serious difficulties in collecting debts owed by the state, as state assets are mostly immune from seizure, and the state is very reluctant to meet its financial obligations, including even when they come from courts as important as the Inter-American Court of Human Rights or the Supreme Court of Peru.

9. Therefore, obtaining documentation related to the criminal investigation No. 579-2011, or civil action 26000754-2013, could contribute significantly to the efforts of Mr. Elmer Campos Alvarez, a young man of only 30 years at the time left paraplegic for the rest of his life, to access justice and reparations for the harms he was caused.

I declare under penalty of perjury under the laws of the United States and Colorado that the foregoing is true and correct.

Lima, January 22, 2014

/s/ Maria del Mar Pérez Aguilera

***María del Mar Pérez Aguilera***
Head of Program in Economic, Social and Environmental Rights
National Human Rights Coordinator