# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ALVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD,

    Respondents.

## MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY
## AND REQUEST FOR SCHEDULING CONFERENCE

Counsel for Respondents Newmont Mining Corporation ("NMC"), Newmont Peru SRL ("Newmont Peru"), and Newmont USA Limited[1] (collectively "Newmont"), submits the following Motion for Leave to Serve Limited Discovery and Request for Scheduling Conference, and in support of this motion states as follows:

    1.    Elmer Eduardo Campos-Alvarez ("Applicant") has brought this action under 28 U.S.C. § 1782 to obtain discovery from Newmont purportedly for use in foreign judicial proceedings.

    2.    The background of this request is complex, and involves a deep and longstanding social and political controversy in the Republic of Peru.

---

[1] In his application, Applicant incorrectly refers to this entity as Newmont USA LTD.

3.      Minera Yanacocha SRL ("Minera Yanacocha") is a large Peruvian mining company. It is owned, approximately, 51% by Newmont affiliates, 44% by Compañía de Minas Buenaventura S.A.A, the largest Peruvian mining company, which is itself listed on the New York Stock exchange and is managed and owned independently of Newmont, and 5% by the International Finance Corporation, a part of the World Bank Group.

4.      Applicant claims he was shot by Peruvian National Police while engaged in a violent protest in 2011, in which several protesters and police were injured. The protestors opposed a proposed Minera Yanacocha mine in Peru called "Conga." These actions were part of anti-Conga and anti-mining protests which continue to this day. Applicant has alleged no claims against Minera Yanacocha.

5.      In this action, Applicant is trying to obtain information in the United States from Newmont, an indirect, partial owner of Minera Yanacocha, rather than obtaining the same information from Minera Yanacocha in Peru. The discovery requested is extremely broad and not at all limited to the incident involving Applicant in 2011. It includes topics such as Newmont's "knowledge of the Peruvian National Police's compliance or lack thereof with Peruvian law pertaining to the provision of security services and the use of force in response to protest activity." Applicant's Notice of Rule 30(b)(6) Deposition pursuant to 28 USC § 1782, Topic 9. This topic is not limited in time or place and, as stated above, it is part of an active political debate in Peru. Other requests are not directed to the alleged shooting of Applicant. These include, for example, the request for "all documents relating to or containing any lists of civilians living in or around the Conga Mine Concession or suspected of protest activity relating to Newmont or the Conga Mine Concession." Applicant's Request for Production of

Documents, Request No. 9. These are examples of requests which appear to be aimed at purposes other than assisting foreign tribunals.

6. The extractive industries constitute a core element of the Peruvian economy. In recent years, there have been political debate and violent protests against new mining, oil, and gas development across the country. Often, the National Peruvian Police have been involved, and they have inevitably been criticized by supporters of the protesters when they act to keep order. This case is one part of a large-scale political controversy in Peru.

7. Assisting a foreign tribunal with discovery in the United States is at the heart of a § 1782 action. Here, two separate Peruvian proceedings are claimed to exist. One is a criminal investigation against "two commanding police officers to determine whether they were direct co-authors of crimes committed" against the Applicant. Application of Elmer Eduardo Campos-Alvarez for Discovery Pursuant to 28 USC § 1782 (the "Application"), p. 4. The other is a civil suit allegedly brought by Applicant against the Peruvian National Police and other high government officials (including the President of the Republic) before a court in Lima, Peru.

8. The only information given in support of the Application is the Declaration of Maria Del Mar Perez Aguilera[2] (the "Perez Declaration"). The Perez Declaration is unusual in a number of ways. First, Ms. Perez's connection to the Applicant is unclear. She says that she is a lawyer with the "National Human Rights Coordinator, a non-governmental coalition of 81 organizations working to defend human rights in Peru. As part of *our* work, *we* represent Mr. Elmer Campos Alvarez in the Peruvian justice system." Perez Declaration, p. 1 (emphasis

---

[2] The Declaration is made "under penalty of perjury under the laws of the United States and Colorado." The Declarant identifies herself as Peruvian and says that the Declaration was signed in Lima, Peru.

added).  Nowhere does Ms. Perez say she represents the Applicant.  She never avers that she, or her coalition of NGOs, represent the Applicant in the criminal investigation.  She never says she has submitted evidence to the criminal investigation or was in any way involved in it.  She never says that she represents Applicant in the civil suit.  In fact, the Perez Declaration states that in the civil suit, Applicant is represented by "lawyer Victor Rodrigues Moreno."  Perez Declaration, p. 2.  For some reason, no declaration has been submitted by that attorney.

        9.      Ms. Perez appears to be an NGO advocate actively involved in a national political debate in Peru regarding the role of the National Police in anti-mining protests.  No evidence has been submitted showing that she represents Applicant or that her testimony in the Perez Declaration is unbiased, reliable or accurate.  Ms. Perez states her testimony is based on the "allegations, declarations, and evidence submitted as part of the criminal investigation."  Perez Declaration, pp. 1, 2.  However, no such documents are attached to the Perez Declaration or submitted in support of the Petition.  They are not described as to source or content.  She has not explained whose allegations and declarations she has reviewed, how she obtained them, or why they should be trustworthy.  There is no explanation for why these documents were withheld.

        10.      In addition, the nature of the criminal investigation itself is unclear.  The Perez Declaration refers to a "Criminal Investigation Number 579-2011 opened on December 20, 2011."[3]  Perez Declaration, p. 1.  She claims this is to investigate injuries caused to 13 protestors in 2011, only one of which is the Applicant in this case.  Perez Declaration, p. 2.  She does not say whether, after more than two years, the investigation is still active.  She does say that "the

---

[3] The Petition also refers to an investigation No. 589-2013-MP-TFSP-C.  Petition, p. 4.  It provides no citation and this investigation is not identified as such in the Perez Declaration.

local prosecutor [was ordered] to formalize and continue the investigation against the two commanding police officers," (Perez Declaration, p. 2) but gives no explanation for what this means. She does not say if the prior investigation was somehow "informal" or if the prior investigation has been terminated.

11. The civil suit is said to have been filed in 2013, and to be "currently pending." Perez Declaration, p. 3. There is no explanation of what stage that case is now at, what has been submitted to the Court or even whether the Court is still open to receiving additional evidence or adding new parties.

12. Neither the Application nor the Perez Declaration mention any evidence requested in either the criminal investigation or the civil suit from Minera Yanacocha.

13. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings," Fed. R. Civ. P. 1, including "proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency." Fed. R. Civ. P. 81.

14. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1), Fed. R. Civ. P. In order to realistically determine if the broad discovery requested by Applicant would actually assist the governmental authorities managing the criminal investigation or the civil suit, it is at least necessary to have some reliable evidence as to what those proceedings entail. For this reason, Newmont believes it has the right and if the court determines that it does not have that right, it requests the ability to propound a limited number of Interrogatories and Requests for Production of Documents focused specifically on the threshold issues of the nature and status of the criminal investigation and civil

suit, and the actual roles of Applicant's purported representatives, Ms. Perez, the National Human Rights Coordinator, EarthRights International, and whomever actually represents Applicant in the Peruvian proceedings. Newmont proposes to submit eight Interrogatories and six Requests for Production of Documents.

15. Courts have recognized that under some circumstances, discovery from a § 1782 petitioner is warranted. *See Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269, 2008 WL 3884374 (Aug. 18, 2008) ("Consistently, the Second Circuit and the Supreme Court have suggested that a district court could condition relief upon a reciprocal exchange of information, as such would lend parity to the disclosure mix."); *see also Application of Consorcio Minero, SA v. Renco Group, Inc.*, No. 11 MC. 354, 2012 WL 1059916 (SDNY Mar, 29, 2012) (granting reciprocal discovery where the § 1782 applicant was not found in any district in the United States, and the respondent had a substantial interest in the foreign actions, including being the indirect owner of a subsidiary that was party to the foreign action).

16. In addition, Newmont will be opposing the Application and hereby requests a Scheduling Conference, in accordance with D.C. COLO.LCivR 16.1., to set a briefing schedule and assist the parties and the Court in managing this case.

17. Certificate of Compliance with COLO.LCivR 7.1. In accordance with D.C. COLO.LCivR 7.1, Counsel for Respondents states that he has conferred with Counsel for Applicant who has clearly stated that Applicant will not consent to the relief requested in this Motion.

WHEREFORE, Newmont respectfully requests that the Court enter an order (1) recognizing Newmont's ability or granting it leave to serve eight interrogatories and six

document production requests upon Applicant directed to the issues described above, (2) set a scheduling conference instructing the parties on how to proceed in this action, and (3) for such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of April 2014.

TEMKIN WIELGA & HARDT LLP

Mark Wielga, No. 15299
TEMKIN WIELGA & HARDT LLP
1900 Wazee St., Suite 303
Denver, CO 80202
Telephone: (303) 292-4922
Facsimile: (303) 292-4921
*wielga@twhlaw.com*
*Attorneys for Respondents*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 2nd day of April 2014, I electronically filed the foregoing, **Motion for Leave to Serve Limited Discovery and Request for Scheduling Conference**, with the Clerk via the CM/ECF system, which will send notification of such filing to the following:

Richard Lawrence Herz, Esq.
Marco Simons, Esq.
Benjamin Hoffman, Esq.
Marissa Vahlsing, Esq.
EarthRights International
1612 K Street N.W., Suite 401
Washington, DC 20006
rick@earthrights.org
marco@earthrights.org
benjamin@earthrights.org
marissa@earthrights.org
*Attorneys for Applicant*

                 s/ Mark Wielga
                 Mark Wielga
                 TEMKIN WIELGA & HARDT LLP
                 *wielga@twhlaw.com*
                 *Attorneys for Respondents*