IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ALVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD,

    Respondents.

---

## DECLARATION OF WILBY DANIEL CACERES PINEDO

---

I, Wilby Daniel Caceres Pinedo, declare and state as follows:

1.     I am a licensed attorney admitted to practice law in Peru. I have personal knowledge of all the subjects discussed herein.

2.     I am Legal Affairs Manager for Minera Yanacocha SRL ("Minera Yanacocha"). I have worked at Minera Yanacocha for over 13 years. I am familiar with its operations and with the mining project known as "Minas Conga" or "Conga."

3.     I have been informed that Elmer Eduardo Campos-Alvarez ("Applicant") has brought an action under 28 U.S.C. § 1782 (the "Application") to obtain discovery from Respondents Newmont Mining Corporation, Newmont Peru SRL, and Newmont USA Limited (collectively "Newmont"), purportedly for use in foreign judicial proceedings.

4.    Minera Yanacocha, a Peruvian mining company that is owned, approximately, 51% by Newmont affiliates, 44% by Companía de Minas Buenaventura S.A.A., a large Peruvian mining company, and 5% by the International Finance Corporation, a part of the World Bank.

5.    I have been shown Applicant's proposed Request for Production of Documents. In the Definitions section on page 2, the term "Newmont Entity" includes Minera Yanacocha. Requests for Production Numbers 2, 3, 4 and 5, address Newmont Entities, and so appear to apply to Minera Yanacocha. Request for Production Number 6 explicitly addresses Minera Yanacocha, and Request for Production Number 8 addresses both Newmont Entities and Minera Yanacocha.

6.    The Requests cover a period of more than five years (from January 1, 2009, to the present), and are not confined to the time period of Applicant's alleged shooting in 2011. For example, Request for Production No. 5 demands:

> All documents relating to communications between Newmont and any Newmont entity and the Peruvian National Police or Private Security Providers relating to the provision of security services and engagement with protesters or civilians at or near the Conga Mine Concession, including any orders or instructions given.

If enforced as written, this request would include all Minera Yanacocha's communications to its security contractors and to the Peruvian National Police at Conga for over five years. Of course, we are constantly in touch with our Private Security Providers and try to keep open lines of communications with the Peruvian National Police, as a consequence of the different illegal actions taken by anti-mining groups against Conga personnel and property. Conga was the largest mining investment in the history of Peru and its concession and property covers a huge area. There have been many demonstrations and protests on or near the concession and property,

some of which continue to this day. The kind and degree of security activities vary greatly from simple theft and trespassing to large scale demonstrations. This document request alone is directed at an enormous quantity of documents, most of which appear to have nothing to do with Applicant's claim.

7. To take another example, Document Request No. 6 demands:

> All documents relating to Minera Yanacocha's compliance or lack thereof with Newmont or any Newmont Entities policies, procedures, rules, guidelines, suggestions or standards regarding the hiring, training, and supervision of security service providers.

As written, this request would cover Minera Yanacocha's own security personnel, as well as our security contractors and all public security forces. It covers "all documents relating to" either compliance or non-compliance with Minera Yanacocha's policies. Of course, this would include every action any of these security personnel have ever taken, since they must all be either in compliance or not in compliance.

8. The requests directed to Minera Yanacocha are very broad and cover a large quantity and variety of documents. In the course of business, copies of some of these documents have been previously sent by Minera Yanacocha to Newmont's corporate headquarters in Greenwood Village, Colorado, but many of them remain in Minera Yanacocha's possession in Peru.

9. Minera Yanacocha is within the jurisdictional reach of the Peruvian courts. It routinely responds to requests for information from the Peruvian Courts. It is within the jurisdiction of 20th Juzgado Civil de Lima, the Court in Civil Suit Number 26000754-2013 brought by Applicant. Under Peruvian civil procedure, the Court has the ability to demand

information and documents from third parties, such as Minera Yanacocha. Peruvian Code of Civil Procedure, Articles 239, 259 and 260.

10. Concerning the documents requested in the course of the civil proceeding, Article 259 of the Civil Procedure Code states that the parties thereto may request third parties to produce documents that are related to or refer to any of the parties. Pursuant to the aforementioned Article, the Judge may also request third parties to do so, which he can do *sua sponte*; i.e., judges may request a third party to produce a document even if the parties would not have offered it.

11. Furthermore, Article 260 of the Civil Procedure Code allows the Judge to cause the production of documents of a legal entity or business, where the petitioner will provide as accurate as possible a description of the content thereof. The production is limited to documents related to the proceeding.

12. As to the Request for reports on private companies, such as Minera Yanacocha S.R.L., Article 239 of the Civil Procedure Code states that in cases contemplated by the Law, formal statements regarding documents or facts may be requested. Such statements have the force of an affidavit.

13. Minera Yanacocha is within the jurisdictional reach of the Peruvian criminal prosecutors. It is within the jurisdiction of Segunda Fiscalía Provincial Penal Corporativa de Celendín, the Prosecutor in criminal investigation Disposición N. 589-2013-MP-TFSP-C (Cajamarca, Dec. 16, 2013) referred to in the Application. Under Peruvian criminal procedure, the Prosecutor has the ability to demand information from third parties, including Minera Yanacocha. Peruvian Code of Criminal Procedure, Article 337.

5

14. Concerning the information requested in the course of the criminal proceeding, Article 337 of the Peruvian Code of Criminal Procedure states that the Attorney-General may demand the appearance of the accused, of the injured party and of other persons that may hold information on the circumstances that may be useful for the investigation, as well as demand any information from any individual, private company or public servant, by serving appropriate notice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated 30 of April, 2014

Wilby Daniel Caceres Pinedo
Legal Affairs Manager, Minera Yanacocha SRL