RICHARD HERZ, ESQ.
rick@earthrights.org
MARCO SIMONS, ESQ.
marco@earthrights.org
MARISSA VAHLSING, ESQ.
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo Campos-Álvarez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD.

    Respondents.

**MOTION TO EXPEDITE CONSIDERATION OF ELMER EDUARDO CAMPOS-ÁLVAREZ'S APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

1

Elmer Eduardo Campos-Álvarez ("Mr. Campos" or "Applicant") respectfully moves this Court to expedite consideration of the pending Application for discovery under 28 U.S.C. § 1782, filed on January 24, 2014, based on developments in the ongoing Peruvian criminal investigation that render resolution of his Application urgent. The initial period for the preparatory investigation of the criminal case in Peru against the two commanding police officers for shooting Mr. Campos has expired, and while the prosecutor has requested an extension, the investigation could be closed at any point between now and May 2015 at the latest. Any significant delay may prejudice Applicant's ability to pursue justice in the Peruvian criminal courts.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Campos was seriously injured on November 29, 2011, when he was shot by police officers providing security services for Minera Yanacocha while he was peacefully protesting in the Cajamarca region of Peru. Dkt. 1 at 1. As a result, Mr. Campos is now paralyzed from the waist down. Dkt. 1 at 1. These events are the subject of both a criminal complaint and a civil action in Peru. Dkt. 1 at 1-2.

On January 24, 2014, Mr. Campos applied to obtain discovery under 28 U.S.C. § 1782 from Newmont Mining Corporation, Newmont Peru, SRL, and Newmont USA Limited (together "Newmont" or "Respondents"). Dkt. 1. As described in detail in Mr. Campos's Application, Newmont is the majority shareholder and manager of Minera Yanacocha, and likely has information that

2

will assist the Peruvian prosecutor and courts in their criminal and civil investigations of the events of November 29, 2011. Dkt. 1 at 1, 9.

On April 2, 2014, Newmont responded by filing a motion to serve discovery on Applicant, purportedly to obtain information to oppose Applicant's discovery motion. Dkt. 13 at 5. Applicant responded on April 11, 2014, stressing that discovery to oppose discovery is not authorized under § 1782 and noting the importance of expeditious resolution of Mr. Campos's § 1782 Application for the pending investigation in Peru. Dkt. 16 at 10. Applicant also applied for an Order to Show Cause why the subpoenas attached to the Application for § 1782 discovery should not issue. Dkt. 15 at 1. The briefing on Mr. Campos's and Newmont's motions was complete as of May 19, 2014. Dkt. 20 at 1.

## **ARGUMENT**

The urgency of submitting evidence in a foreign legal proceeding justifies a ruling on Mr. Campos's application for § 1782 discovery as soon as is feasible. While courts in this Circuit have not provided much guidance in the standard governing the granting of a motion to expedite consideration of § 1782 discovery, in other contexts, expedited discovery has been found appropriate on a showing of "good cause." *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("Rule 26(d), Fed.R.Civ.P., allows me to order expedited discovery upon a showing of good cause.").[1]

---

[1] This Court has previously reviewed motions to expedite in the context of § 1782 discovery. *See, e.g., Republic of Ecuador v. Stratus Consulting, Inc.*, No. 13-CV-01112-REB-KLM, 2013 WL 2352425 (D. Colo. May 29, 2013). There, the Court

3

In § 1782 discovery actions, other federal courts have expedited proceedings mindful of the urgency of deadlines in pending foreign legal proceedings. Thus, in *In re Chevron Corp.*, 749 F. Supp. 2d 141 (S.D.N.Y. Nov. 10, 2010) the court, noting an upcoming preliminary hearing in Ecuador, found that "Individual Petitioners therefore have an urgent need quickly to obtain evidence" and that opposing party's refusal to seek a stay of Ecuadorian proceedings "forced this and other courts to choose between conducting expedited proceedings or depriving Chevron and the Individual Petitioners of meaningful opportunities to obtain relief here." The Second Circuit affirmed, finding expedition justified "by the urgency of petitioners' need for the discovery in light of impending criminal proceedings in Ecuador." *Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393, 395-96 (2d Cir. 2010); *accord In re Chevron Corp.*, No. CIV. 10-MC-21JH/LFG, 2010 WL 8786279, at *5 (D.N.M. Sept. 1, 2010) ("Exigent circumstances occasioned by time deadlines imposed by the Ecuadorian court in the Lago Agrio Litigation compelled this Court to order expedited briefing on the requests for discovery under § 1782.").

Here too, the urgency of the Peruvian deadlines justifies the granting of the motion to expedite consideration of the Application. The eight-month deadline for the Peruvian prosecutor to conclude the preparatory investigation into the events of November 29, 2011, expired at the end of September 2014. Declaration of María del Mar Pérez Aguilera at 4 [hereinafter Pérez Declaration]. According to the Peruvian Code of Criminal Procedure, following the expiration of

---

found the motion moot at the same time as granting § 1782 discovery a little over a month after the application was filed.

the eight-month period, the preparatory investigation judge is empowered to demand the decision of the local prosecutor as to whether to press charges. Pérez Declaration at 3. On October 6, the local prosecutor filed a request with the preparatory investigation judge for an additional eight months to complete its investigation. Pérez Declaration at 5. The preparatory investigation judge has yet to determine whether to grant an extension or for how long, though eight months is the maximum extension permitted by law. Pérez Declaration at 5. If the preparatory investigation judge decides not to grant an extension, Applicant will only have ten business days to present any evidence to the Prosecutor before the Prosecutor decides whether or not to press charges. Pérez Declaration at 6.

Applicant's need for consideration is urgent even if the full eight-month extension for the criminal investigation is granted. There is no guarantee the Prosecutor will use the full eight months. The Prosecutor may decide to close the investigation at any point prior to the expiration of the extension. Pérez Declaration at 7. And absent a ruling here, Mr. Campos may be denied the opportunity to submit evidence before the Prosecutor reaches his decision. This will undermine Mr. Campos's ability to influence the Prosecutor's decisions both to press charges against the identified defendants and to include a civil third party in the trial.

Under Peruvian law, all civil third parties must be added during the investigation stage of the criminal proceeding, and cannot be added during a trial stage should the prosecutor move forward against the criminal defendants. Pérez Declaration at 8.

Moreover, even if the Prosecutor is granted a full eight-month extension, and uses all of it, the discovery itself will take some time. And, Mr. Campos is justifiably concerned that, through delay and needless further disputes, Newmont will attempt to run out the clock. *See* Dkt. 16 at 9. All of this counsels in favor of expeditious review of Mr. Campos's § 1782 application.

**CONCLUSION**

The Peruvian prosecutor's request for an extension indicates that Mr. Campos has at most eight months, and possibly significantly less time, to conclude discovery and present any evidence to the Prosecutor in Peru before the Prosecutor decides whether to press charges. Taking into account the time required to schedule and conduct depositions and review discovery materials, and the unpredictability of the amount of time that will ultimately be available to the Applicant to submit information, the Applicant respectfully requests that the Court grant the Motion to Expedite Consideration and the pending Application for Discovery Pursuant to § 1782.

**Certificate of Compliance with COLO.LCivR 7.1.**

In accordance with D.C. COLO.LCivR 7.1, Counsel for Applicant states that he has conferred with Counsel for Respondents who has stated as follows: "While Respondents do not object to the general form of the relief requested, they reserve their rights to correct, if necessary, facts alleged and arguments made to

support this Motion." Email from Mark Wielga to Richard Herz, Wed, Nov 26, 2014 at 11:34 AM.

Date: November 26, 2014          Respectfully Submitted,

*/S/ Richard Herz*
RICHARD HERZ, ESQ.
rick@earthrights.org
MARCO SIMONS, ESQ.
marco@earthrights.org
MARISSA VAHLSING, ESQ.
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo Campos-Álvarez