UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD.

Respondents.

**DECLARATION OF MARÍA DEL MAR PÉREZ AGUILERA IN SUPPORT OF MOTION TO EXPEDITE CONSIDERATION OF ELMER EDUARDO CAMPOS-ÁLVAREZ´S APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

I, María del Mar Pérez Aguilera, declare as follows:

1. I am a lawyer actively involved in the legal representation of Elmer Eduardo Campos-Álvarez ("Mr. Campos").

According to privileged documents that I have reviewed in the course of my organization's representation of Mr. Campos, on January 24, 2014, the local prosecutor's office in Celendin, Peru (the Segunda Fiscalía Provincial Penal Corporativa de Celendín) formalized a criminal investigation against the two commanding police officers to determine their criminal liability for the injuries inflicted to Mr. Campos and others on November 29, 2011.

2. The documents I have reviewed indicate that the prosecutor designated this investigation as a "complex" investigation in light of the large number of

investigative acts required and the number of injured parties. For complex investigations, Article 342.2 of the Peruvian Code of Criminal Procedure states that the prosecutor has eight months to complete a preparatory investigation and decide whether to formally press charges or to close the case.

     3. The preparatory investigation stage is overseen by a preparatory investigation judge, who is in charge of preserving the parties' procedural rights within the investigation stage of a criminal proceeding. Under Article 343 of the Peruvian Code of Criminal Procedure, following the expiration of the eight-month period, the preparatory investigation judge, at the request of any of the interested parties or on his own accord, may request the decision of the local prosecutor as to whether to press charges.

     4. In the investigation concerning Mr. Campos's injuries, the initial eight-month period ended on September 24, 2014. By that time, the prosecutor had not taken any action with respect to formally pressing charges or closing the case.

     5. According the documents I have reviewed, on October 6, 2014, the prosecutor submitted a request to the preparatory investigation judge for an extension of eight additional months to conduct additional investigatory acts. Eight months is the maximum extension for a preparatory criminal investigation permitted under Article 342.2 of the Peruvian Code of Criminal Procedure.

     6. If the preparatory investigation judge decides not to grant an extension, Article 343.3 of the Peruvian Code of Criminal Procedure states that the prosecutor has ten business days to decide whether or not to press charges. In

order to have any influence on the prosecutor's decision, Mr. Campos would need to submit all available evidence to the prosecutor during that narrow window.

7. The preparatory investigation judge need not grant the extension in full, and could provide a much narrower window for conducting additional investigatory acts. If the judge does grant the requested extension in full, the prosecutor would likely have until May 24, 2015 to complete the investigation. The prosecutor, however, according to Article 343 of the Peruvian Code of Criminal Procedure, would be free to end the investigation at any time during that period. Should the prosecutor decide not to press charges, and should the preparatory investigation judge approve that decision, Mr. Campos would no longer be able to submit any additional evidence absent an appeal or the filing of a completely new criminal complaint.

8. If the prosecutor decides to formally press charges, the investigation will transition to the trial stage before the competent trial court. While Peruvian law allows for the inclusion of civil third parties in criminal proceedings, under Article 101 of the Peruvian Code of Criminal Procedure requires that all civil third parties be added during the investigation stage of the criminal proceeding, and cannot be added after the investigation stage concludes. Thus, while evidence obtained subsequent to the start of a criminal trial may be useful in prosecuting the criminal defendants, it may not be used to add a civil third party, such as Minera Yanacocha. In essence, this investigation stage is Mr. Campos' sole opportunity within this criminal proceeding to gather additional information about the

relationship between Minera Yanacocha, the Peruvian National Police, and his injuries to request the inclusion of Minera Yanacocha as a civil third party.

I declare under penalty of perjury under the laws of the United States and Colorado that the foregoing is true and correct.

Executed this __12__ day of November, 2014 at Lima, Peru.

____/*s*/ María del Mar Pérez Aguilera

***María del Mar Pérez Aguilera***
Head of Program in Economic, Social and Environmental Rights National Human Rights Coordinator