**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-00208-REB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

     Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL, and
NEWMONT USA LTD.,

     Respondents.

**ORDER CONCERNING APPLICATION FOR
DISCOVERY UNDER 28 U.S.C. § 1782**

**Blackburn, J.**

This matter is before the court on the following: (1) the **Application of Elmer Eduardo Campos-Álvarez for Discovery Pursuant To 28 U.S.C. § 1782** [#1][1] filed January 24, 2014; (2) the **Application of Elmer Eduardo Campos-Álvarez for Order To Show Cause** [#15] filed April 11, 2014.  The respondents filed a response [#18], and the applicant filed a reply [#20] in which the parties address the issues raised in both of the applications [#1] and [#15].  The court has reviewed the pleadings, the case file, the applicable law, and is fully advised in the premises. For the reasons set forth below, the application is approved in part and denied in part

.

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

This matter arises under 28 U.S.C. § 1782. This court has jurisdiction under 28 U.S.C. § 1331 (federal question).

## II. THE APPLICATION

The applicant, Elmer Eduardo Campos-Álvarez, seeks leave to serve on the respondents certain discovery requests. Mr. Campos is a 32 year old campesino farmer from the Cajamarca region of Peru. On November 29, 2011, Mr. Campos was shot in the back while he was peacefully protesting at an area concessioned to Minera Yanacocha for a gold mining project known as the Conga Mine Concession (the Mine). As a result of the shooting, Mr. Campos lost a kidney and his spleen, leaving him paralyzed from the waist down. He says he was shot by police officers employed by the Peruvian National Police (PNP). The PNP officers were acting under a contract with Minera Yanacocha, a joint venture in which respondent Newmont Mining Corporation is a majority shareholder and manager. The PNP contracted to provide security at the area where Minera Yanacocha was operating the Mine.

A local prosecutor is investigating whether the shootings of Mr. Campos and others were crimes. Mr. Campos is identified as an aggrieved party in that investigation. It was on his behalf, and on behalf of others, that the criminal complaint originally was filed with the prosecutor. Mr. Campos also filed a civil action against a number of government agencies believed to be responsible for his injuries arising from the shooting. In his application [#1], Mr. Campos seeks an order requiring the respondents to produce certain information for use in the criminal and civil proceedings in Peru. The information sought by Mr. Campos is listed in his Request for Production

of Documents [#1-4] and his Notice of Rule 30(b)(6) Deposition Pursuant to 28 U.S.C. § 1782 [#1-3].

### III.  STANDARD OF REVIEW

In the above-captioned case, Mr. Campos seeks to obtain discovery in the form of production of documents and a Rule 30(b)(6) deposition in support of the criminal prosecution and civil action in Peru.  He seeks this relief under 28 U.S.C. § 1782. Section 1782 provides that a district court may order a person found or residing within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign . . . tribunal."  The statute further requires that the order may be made "upon the application of any interested person."

If the basic statutory requirements are satisfied, then four additional factors must be considered in exercising the discretion of the court under section 1782(a): (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. ***Intel Corp. v. Advanced Micro Devices, Inc.***, 542 U.S. 241, 254-56 (2004).

### IV.  ANALYSIS

Respondent Newmont Mining Corporation is headquartered in Greenwood Village, Colorado.  The requested discovery is sought for use in both a criminal and civil proceeding in Peru.  Mr. Campos is in interested person in those proceedings. Thus, the basic statutory requirements are satisfied.

Then, after consideration of the quadripartite ***Intel Corp.*** factors, conclude further

as follows. First, although there is no indication that the respondents are direct participants in the Peruvian proceedings, those proceedings concern events closely tied to the mining operations conducted by the respondents in Peru. Second, there is no indication that the Peruvian courts would not be receptive to relevant information gathered from the respondents in this federal district. Third, there is no indication that Mr. Campos is using – or misusing – his application to evade proof gathering restrictions applicable in Peru.

Fourth and finally, I considered whether the request is unduly intrusive or burdensome. The respondents contend the requests of Mr. Campos are unduly intrusive and burdensome. They argue that many of the requests of Mr. Campos are not relevant to the November 29, 2011, shooting, are not time limited, and are not relevant to the injuries suffered by Mr. Campos. Additionally, the respondents suggest that the requests of Mr. Campos represent a spurious effort to obtain information from the respondents that will aid activist organizations in a long-standing social and political controversy in Peru, as opposed to a legitimate effort to gather information to further the ongoing and evolving two Peruvian proceedings.

To the extent Mr. Campos seeks information related directly to the November 29, 2011, shooting, I find and conclude that production by the respondents of information and testimony under § 1782 is appropriate. However, I agree with the respondents that many of the requests of Mr. Campos are spuriously overly broad and, therefore, are unduly intrusive and burdensome.

Ultimately, I conclude that I should grant the application in part and deny it in part. Further, I should and will limit the scope of the requests of Mr. Campos to require

the production and disclosure of the information consistent with my analysis under 28 U.S.C. § 1782 and *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004).

First, I limit approval of the requests of Mr. Campos to documents and other information to only those documents and information held by the respondents in the district of Colorado.  Mr. Campos seeks production also of documents and other information held by the respondents in Peru. for lack of some indication that information in Peru cannot be obtained via the Peruvian proceedings, I decline to expand the scope of this § 1782 discovery beyond the district of Colorado.

Second, I limit the scope of the Request for Production of Documents [#1-4]. The request contains eleven numbered requests, which I address in turn. I approve request number one, which concerns protest activity near the Mine, but limit the temporal purview of the request to October and November 2011.

Request number two is overly broad.  Thus, request number two is limited to the year 2011.

Requests number three and four are approved.

Requests number five and six are overly broad.  Thus, requests number five and six are limited to the years 2011 to 2012.

Request number seven is approved.

Request number eight is overly broad.  Thus, request number eight is limited to the year 2011 and is limited further to the risk of violent confrontations at or near the Conga Mine Concession.

Request number nine is overly broad.  Therefore, request number nine is limited

to the years 2011 and 2012 and is limited further to the risk of violent confrontations at or near the Conga Mine Concession.

Lastly, requests number ten and eleven are denied as overly broad.

Third, I limit the scope of the information sought in the Notice of Rule 30(b)(6) Deposition Pursuant to 28 U.S.C. § 1782 [#1-3].  That document contains eleven numbered requests, which are basically the same as the requests in the Request for Production of Documents [#1-4].  I apply the same limitations to the Rule 30(b)(6) notice.  Thus, I approve request number one, which concerns protest activity near the Mine, but limit the temporal purview of the request to October and November 2011.

Request number two is overly broad.  Accordingly, request number two is limited to the year 2011.

Requests number three and four are approved.

Requests number five and six are overly broad.  Thus, requests number five and six are limited to the years 2011 to 2012.

Request number seven is approved.

Request number eight is overly broad.  Therefore, request number eight is limited to the year 2011 and is limited further to the risk of violent confrontations at or near the Conga Mine Concession.

Request number nine is overly broad.  Thus, request number nine is limited to the years 2011 and 2012 and is limited further to the risk of violent confrontations at or near the Conga Mine Concession.

Finally, requests number ten and eleven are denied as overly broad.

## V.  CONCLUSION & ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application of Elmer Eduardo Campos-Álvarez for Discovery Pursuant To 28 U.S.C. § 1782** [#1] filed January 24, 2014, is granted in part on the terms stated in this order;

2. That the **Application of Elmer Eduardo Campos-Álvarez for Order To Show Cause** [#15] filed April 11, 2014, is granted in part on the terms stated in this order;

3. That the applicant, Elmer Eduardo Campos-Álvarez, may serve on the respondents a Request for Production of Documents consistent with the request [#1-4] proposed by the applicant, but subject to the limitations imposed in this order;

4. That the applicant, Elmer Eduardo Campos-Álvarez, may serve on the respondents a Notice of Rule 30(b)(6) Deposition Pursuant to 28 U.S.C. § 1782 consistent with the notice [#1-3] proposed by the applicant, but subject to the limitations stated in this order;

5. That all information sought in the request [#1-4] and the notice [#1-3] shall be limited to documents and other information held by the respondents in the district of Colorado;

6. That the eleven numbered items in both the request [#1-4] and the notice [#1-3] are limited in scope as stated in the body of this order; and

7. That the timing and procedure applicable to the Request for Production of Documents [#1-4] and the Notice of Rule 30(b)(6) Deposition Pursuant to 28 U.S.C. § 1782 [#1-3], as approved or limited in this order, shall be as provided in the Federal

8

Rules of Civil Procedure generally, including Rules 30 and 34 specifically.

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge