**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-00208-REB

ELMER EDUARDO CAMPOS-ALVAREZ,

Applicant,

v.

NEWMONT MINING CORPORATION,
NEWMONT PERU SRL, and
NEWMONT USA LTD.,

Respondents.

---

**RESPONDENTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

---

In his Response, Mr. Campos concedes he is willing to keep Newmont's sensitive documents confidential, with one important caveat – he says that if, "through no fault" of his own, the documents should happen to enter the public domain, then he and his counsel should be allowed to comment on them (in other words, use them to advance their anti-mining agenda in the public arena).[1] He accuses Newmont of seeking to "preclude both Applicant and counsel from commenting on documents available to the public."[2]

The problem with that position is that the documents at issue are *not* available to the public. The only way they will become so is if Mr. Campos *chooses* to put them on the public record. And if making the documents public will allow him and his counsel to

1 Response [#30] at 1.

2 Response [#30] at 2.

then use the documents however they please, then Mr. Campos will have every incentive to make them public even if that is not genuinely necessary for the Peruvian proceedings.

That result would be inconsistent with 28 U.S.C. § 1782, under which Mr. Campos was entitled to the documents for use in the pending Peruvian proceedings – not some other purpose. If Mr. Campos has a genuine need to use the documents in those proceedings, Newmont agrees he may do that. All Newmont asks is that Mr. Campos not use the documents for purposes *other than* those proceedings, which were the sole basis for his Application. That fair and appropriate limitation is fully within the Court's discretion to impose. Should Mr. Campos later wish to make some other use of the documents, he can ask the Court for an exception to the protective order.

1. **The argument that the documents will be made public "through no fault" of Mr. Campos and his counsel is a fallacy.**

The central premise of Mr. Campos' Response is that he and his counsel should be allowed to use the Confidential documents however they please if those documents enter the public domain "through no fault" of Mr. Campos or his counsel. Mr. Campos explains that this might happen if, for example, a Peruvian court does not allow him to file the documents under seal.[3]

The fallacy in Mr. Campos' position is the notion that if the documents enter the public domain through a Peruvian court filing, Mr. Campos and his counsel will have had nothing to do with that. Obviously, the opposite is true – the documents will be filed in a Peruvian court only if Mr. Campos and his counsel *choose* to file them in a Peruvian

[3] Response [#30] at 1,10.

court. Nothing requires them to file the documents; that is a matter completely within their discretion, based on their subjective analysis of the needs of the Peruvian proceedings. If, therefore, the documents end up in the public domain because of a Peruvian court filing, it may not be because Mr. Campos or his counsel acted maliciously, but it will certainly be their "fault" – the only way the documents become public is if Mr. Campos and his counsel choose to file them in a way that makes them become public.

When entering a protective order, courts routinely include a provision stating that a party's secrecy obligations under the order will no longer apply if a document becomes part of the public domain "through no fault or action of [a party] or [its] counsel." *Whitwam v. JetCard Plus, Inc.*, No. 14-CV-22320, 2015 WL 1014292, at *2 (S.D. Fla. Jan. 21, 2015); *see also, e.g., Pratt & Whitney Canada Inc. v. United States*, 14 Cl. Ct. 268, 283 (1988); *Lozano v. Dorel Juvenile Grp., Inc.*, No. CIV.A. 4:09-CV-736-Y, 2010 WL 445084, at *4 (N.D. Tex. Feb. 8, 2010); *Tradewinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 JFK, 2009 WL 1321695, at *6 (S.D.N.Y. May 12, 2009); *Authentec, Inc. v. Atrua Technologies, Inc.*, No. C 08-1423 PJH WDB, 2008 WL 9413824, at *2 (N.D. Cal. Sept. 24, 2008); *Jamison v. Olin Corp.-Winchester Div.*, No. 03-1036-KI, 2005 WL 7213837, at *8 (D. Or. Oct. 4, 2005); *Thermos Co. v. Igloo Products Corp.*, No. CIV. A. 93 C 5826, 1994 WL 282307, at *3 (N.D. Ill. June 22, 1994). The necessary inverse of such provisions is that a party's secrecy obligations *will* still apply if a document becomes part of the public domain through the fault or action of the party or

its counsel. Such provisions ensure that parties to the protective order do not have a perverse incentive to allow protected documents to become part of the public domain.

That same protection is all Newmont requests here. If the Confidential documents enter the public domain through some means having nothing to do with Mr. Campos or his counsel, then Newmont agrees the documents would lose their protection. But if the documents enter the public domain through Mr. Campos or his counsel's own acts – such as their decision to file the documents in a Peruvian court – then Mr. Campos and his counsel should not be allowed to take advantage of that self-delivered "serendipity." Otherwise, Mr. Campos and his counsel will have a perverse incentive to make sure the Confidential documents become public even if that is not genuinely necessary for the Peruvian proceedings.

**2. Mr. Campos ignores the fact that this dispute is not about ordinary pretrial discovery, but instead about discovery obtained under 28 U.S.C. § 1782.**

In his Response, Mr. Campos cites case law supporting a "presumption" in favor of public disclosure of documents obtained in pretrial discovery.[4] But the cases he cites all deal with ordinary pretrial discovery to which litigants in United States courts are *entitled* under the Federal Rules of Civil Procedure.

The circumstances here are very different. This case does not involve ordinary rights to pretrial discovery. Instead, Mr. Campos sought discovery from Newmont (a non-party to the Peruvian proceedings) under 28 U.S.C. § 1728, which provides that a court "may" order a company to produce documents "for use in a proceeding in a foreign or international tribunal . . . ." Under § 1782, Mr. Campos had no "right" to

[4] Response [#30] at 2.

discovery from Newmont at all, much less a presumptive right to publicly disclose whatever he obtained from Newmont.  Rather, whether to grant a § 1782 discovery request – and on what conditions – are matters entirely within the Court's discretion. *Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1123 (D. Colo. 2011) ("Whether to permit the requested discovery [under § 1782] remains within the discretion of the Court, even if all of the statutory requirements are met."); *see also In re Microsoft Corp.*, 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006) ("[A] district court is not required to grant a § 1782 discovery application simply because it has the authority to do so. . . .  Once the statutory requirements are met, a district court is free to grant discovery in its discretion.") (internal quotes and citations omitted).  Indeed, in plain contrast to non-confidential documents obtained through ordinary pretrial discovery, documents obtained under § 1782 *cannot* be used for any reason at all – at most, they can be used only for proceedings "within reasonable contemplation" at the time of the § 1782 application.  *In re Michael Wilson & Partners, Ltd.*, No. 06-cv-02575-MSK-KLM(MEH), 2007 WL 3268475, at *3 (D. Colo. Oct. 30, 2007).

It is, therefore, entirely proper for courts to exercise their "wide discretion" to "tailor" discovery under § 1782 to avoid problems attendant to the particular request at issue.  *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996).  From the outset of Mr. Campos' § 1782 request, Newmont expressed concerns that Mr. Campos sought discovery from Newmont for purposes unrelated to the Peruvian proceedings.  Before the Court ordered the discovery, Mr. Campos dismissed Newmont's concerns as mere

"speculation."[5] Now that he actually has the documents, Mr. Campos is much more candid about the mixed motives behind his § 1782 request.[6] The Court should limit Mr. Campos to the only motives stated in his § 1782 Application – namely, use of the documents in the Peruvian proceedings.[7]

### 3. Newmont's request that Mr. Campos limit his use of the documents to the purpose stated in his Application is not unethical.

Mr. Campos suggests that Newmont's counsel has violated the Rules of Professional Conduct by even suggesting that Mr. Campos should limit his use of the Confidential documents to the purpose stated in his § 1782 Application, since that limitation would supposedly improperly restrict his counsel's right to practice law. But there is nothing unethical about Newmont's request. As noted above, courts routinely enter protective orders that continue to limit use of documents even after they become public, so long as the documents became public through the act or fault of the party subject to the protective order. *See, e.g.*, *Whitwam*, 2015 WL 1014292, at *2; *Pratt & Whitney Canada Inc.*, 14 Cl. Ct. at 283; *Lozano*, 2010 WL 445084, at *4; *Tradewinds Airlines, Inc.*, 2009 WL 1321695, at *6; *Authentec, Inc*, 2008 WL 9413824, at *2; *Jamison*, 2005 WL 7213837, at *8; *Thermos Co*, 1994 WL 282307, at *3. Newmont simply requests a similar order – specifically, that the documents Newmont has

[5] Reply in Support of Application [#20] at 2, 8-9.

[6] *See* Response [#30] at 13.

[7] In his Response, Mr. Campos cites *Ahmad Hamad Algosaibi & Bros. Co. v. Std. Chtd. Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) for the notion that the possibility of § 1782 discovery being used for purposes other than the proceedings identified in the § 1782 application is no basis to deny that application. Critically, Newmont is not asking the Court to deny Mr. Campos' Application (which was already granted). Newmont merely asks the Court to limit Mr. Campos and his counsel's use of the documents to the purposes stated in their Application.

designated “Confidential” will remain protected from other uses by Mr. Campos and his counsel if they choose to file the documents with a Peruvian court in a way that makes them public.

Even a cursory reading of the cases Mr. Campos cites on this point reveals they involved completely different circumstances, in which a party attempted to prevent a lawyer from representing a client in a matter. *See, e.g.*, *Hu-Friedy Mfg. Co. v. Gen. Elec. Co.*, No. 99 C 0762, 1999 WL 528545, at *2 (N.D. Ill. July 19, 1999) (rejecting argument that protective order meant party could never use protected documents for any other purpose, *even if the protected documents were obtained through discovery in separate litigation*); *State ex rel. Verizon W. Virginia, Inc. v. Matish*, 230 W. Va. 489, 740 S.E.2d 84, 98 (2013) (“[A] protective order or confidential settlement agreement may not be construed or enforced to preclude an attorney from representing a client in a subsequent matter involving similar facts and/or parties”).

Newmont has not proposed anything like that. Mr. Campos’ counsel can represent whomever they please. And if Mr. Campos’ counsel obtain the documents at issue through some other means, then they are free to use the documents for purposes other than the Peruvian proceedings. What they should not be allowed to do, however, is convert their § 1782 request – which was ostensibly for documents “for use in a proceeding in a foreign or international tribunal” – into a request for documents “for use in the public arena to denigrate Newmont.” That would be a misuse of the § 1782 discovery mechanism. *See Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 387 (D. Colo. 2000).

## CONCLUSION

Section 1782 provides parties involved in foreign judicial proceedings a means of obtaining documents for use in those proceedings. Discovery under § 1782 is a privilege, not a right. To preserve the integrity of § 1782 requests, courts should exercise their wide discretion to ensure that § 1782 is, in fact, used to advance foreign proceedings, and not as a pretext to advance activist agendas. Newmont requests that assurance for a small handful of sensitive documents. For all the reasons stated in Newmont's Motion and this Reply, Newmont's Motion for Protective Order should be granted.

Respectfully submitted this 21st day of August, 2015.

*s/ Alex H. Bailey*
Alex H. Bailey
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300'
Facsimile: (303) 291-2400
Email: abailey@perkinscoie.com
Attorneys for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, I electronically filed the foregoing **MOTION FOR PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Richard Lawrence Herz
  rick@earthrights.org
- Marissa Ann Vahlsing
  marissa@earthrights.org
- Mark A. Wielga
  wielga@twhlaw.com
- Scott William Hardt
  hardt@twhlaw.com

*s/ Alex H. Bailey*

Alex H. Bailey
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: abailey@perkinscoie.com

Attorneys for Respondents