MARISSA VAHLSING, ESQ.
marissa@earthrights.org
RICHARD HERZ, ESQ.
rick@earthrights.org
(based CT; admitted in NY; does not practice in DC's courts)
MARCO SIMONS, ESQ.
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo Campos-Álvarez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD.

    Respondents.

---

**APPLICANT ELMER EDUARDO
CAMPOS-ÁLVAREZ'S MOTION FOR SUPPLEMENTAL DISCOVERY PURSUANT TO
28 U.S.C. § 1782**

---

1

This Court has already held that Elmer Eduardo Campos-Álvarez is entitled to discovery from Respondents in aid of two Peruvian proceedings. D.E. 22. Accordingly, the Court ordered Respondents[1] to produce certain documents they held in the district of Colorado; it also authorized a Rule 30(b)(6) deposition. *Id.* at 5, 7.

Mr. Campos sought this discovery in this Court because, as the Application noted, Respondents are "headquartered in Greenwood Village, Colorado." D.E. 1 at 6. Accordingly, although Mr. Campos's Application was not limited to information in this district, at the time, it may have seemed that the information Plaintiff sought would be located entirely in Colorado. But that has proven not to be so. It has since become clear that Newmont likely has relevant documents within the United States but outside of the district of Colorado.

Respondents' 30(b)(6) representative, Otto Sloane, Newmont's Security Director for the Americas, is based in Nevada. Sloane Deposition ("Sloane Dep."), parts of which are attached as Exhibit A to the Declaration of Marissa Ann Vahlsing ("Vahlsing Decl.") at 19:3 – 19:5.[2] During the Rule 30(b)(6) deposition that this Court ordered, Mr. Sloane repeatedly qualified his answers by stating, *no fewer than 117 times*, that his answer was "based" *only* "on the documents available in the District of Colorado" or some

---

[1] Newmont Mining Corporation, Newmont Peru, SRL, and Newmont USA Limited (together "Newmont" or "Respondents").

[2] Because Respondents' Motion for a Protective Order, DE 29, currently pending before this Court, seeks to designate parts of this deposition transcript as confidential, Mr. Campos is unable to attach the full deposition at this time. The deposition excerpts attached herein do not discuss the documents Respondents seek to designate as confidential.

variant thereof. Vahlsing Decl. ¶ 3. And even that qualification likely *understates* the extent to which his testimony was so limited, since Mr. Campos had agreed to a standing convention on that issue. Sloane Dep. 6:12 – 7:11. In short, although Newmont's key security personnel are located in Nevada, Newmont has not produced, and its deponent did not review, any documents located there.

Keeping such information from Applicant would undermine this Court's holding that Applicant is entitled to discovery. This Court has the power to permit discovery of documents outside of Colorado; a federal court has authority under 28 U.S.C. § 1782 to compel production of all relevant documents in the United States. And that is proper here. Any other approach would require Applicant to file new applications in Nevada, and every other federal district where Newmont potentially has documents, and to relitigate in each of those *fora* the issues this Court has already addressed. Mr. Campos therefore requests that this Court order Newmont to produce the same categories of documents this Court has already ordered Newmont to produce, even if Newmont happens to keep those documents elsewhere in the United States; and, if there are additional responsive documents, leave to continue the Rule 30(b)(6) deposition this Court has already granted in order to address those documents.

## BACKGROUND

Mr. Campos was shot while peacefully protesting at Newmont's Conga Mine by Peruvian police officers "acting under a contract with Minera Yanacocha" one of Newmont's joint ventures. D.E. 1 at 2. As a result of his injuries, Mr. Campos is

permanently paralyzed. Mr. Campos is a party to ongoing criminal and civil proceedings against the police officers in Peru.

On January 14, 2014, Mr. Campos filed an Application in this Court for discovery from Newmont pursuant to the assistance to foreign tribunals statute, 28 U.S.C. § 1782, in order to aid the actions in Peru. On March 16, 2015, this Court granted, in part, Mr. Campos' discovery requests. The Court ordered Newmont to produce nine categories of documents and permitted a Rule 30(b)(6) deposition. Of relevance to this motion, the Court limited production "to only those documents and information held by the respondents in the district of Colorado." *Id.* at 5. While the Court recognized that Mr. Campos sought documents held by Newmont in Peru, it declined "to expand the scope of this § 1782 discovery beyond the district of Colorado" without "some indication that information in Peru cannot be obtained via the Peruvian proceedings." *Id.* The Order did not explicitly address the possibility that there are relevant documents outside the district of Colorado but in the United States.

Subsequently, Newmont produced documents from Colorado to Mr. Campos. And on June 11, 2015, a Rule 30(b)(6) deposition was taken of Otto Walter Sloane, Newmont's security director for the Americas. Vahlsing Decl. Ex. A. Mr. Sloane was only prepared on documents Newmont held in Colorado; his testimony was also limited to information held by Newmont in Colorado. Indeed, Mr. Sloane responded 117 times that his testimony was based only on information Newmont held in Colorado. *See generally* Sloane Dep. In fact, all of his testimony was so limited, since Mr. Campos had agreed to a standing convention on that issue during the deposition. Sloane Dep. 6:12–

4

7:11. And when Mr. Campos asked Mr. Sloane whether he was "the best person to answer these questions" based on the fact that he had answered "I don't know" to countless questions during the deposition, his answer was telling: "when I answered you was with a specification is that I don't know because the documentation that is available in the District of Colorado based on the court order is why I don't know. It is not available in the District of Colorado… It's not just a 'don't know' answer.  It's I don't know because it's not available in the District of Colorado or that I have personal knowledge of being in the position based on that time frame." *Id. at* 266:9–267:19.

Newmont has substantial operations in the United States outside of Colorado. While the corporate headquarters are in Colorado, Newmont's "North America operations are located in Nevada" as is their "North American Regional Office." Vahlsing Decl. Ex. B (Newmont Webpages). Indeed, Newmont employs more than 5,000 people in Nevada. *Id.* And as Mr. Campos learned during the deposition, the Nevada employees include those responsible for security *throughout* the Americas. Mr. Sloane, Security Director for the Americas, testified that he was based in *Nevada*. Sloane Dep*.* at 18:12–19:5; *see also id.* at 21:13-14 (acknowledging that additional security personnel work out of Nevada). Yet, in preparation for, and in testifying in, his deposition, Mr. Sloane did not review and did not provide information about documents in his own office, including documents he and other key security officials held/hold. The sole reason for this was that those documents and individuals were not in Colorado, but in Nevada.

After the deposition – and in light of Mr. Sloane's responses – Mr. Campos asked Newmont if they had responsive documents "outside of the District of Colorado, but within the United States." Vahlsing Decl. Ex. C (Email of Oct. 5, 2015 from M. Vahlsing to A. Bailey *et al.*). Newmont, citing this Court's March Order, responded that they were not required "to search for documents outside of the District of Colorado, tell you whether any such documents exist, review their contents, or speculate how reviewing such documents (presuming any exist) would have effected Mr. Sloane's corporate representative testimony." *Id.* (Email of Oct. 5, 2015 from A. Bailey to M. Vahlsing). Thus, Mr. Campos has not been afforded all of the relevant information in Newmont's possession in the United States.

**ARGUMENT**

**I.    Newmont should be required to produce documents located in the United States.**

Federal courts routinely order parties before them to produce documents held outside of the district but within the United States. *See* Wright & Miller, Fed. Prac. & Proc. § 2456 (3d ed.) ("The case law clearly has established that even records kept beyond the territorial jurisdiction of the district court issuing the [Rule 45] subpoena may be covered if they are controlled by someone subject to the court's jurisdiction."). And Section 1782 discovery practice follows general federal discovery practice. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (noting 1782 discovery "is generally guided by the Federal Rules of Civil Procedure"). While Section 1782 demands that *Newmont* reside in the district, the *evidence* sought need not be within this district to be discoverable. *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL

3844464, at *5 (S.D.N.Y. Dec. 29, 2006). Mr. Campos has found no case suggesting that this Court's authority to compel document production under Section 1782 is limited to documents found in this district. And it would be terribly inefficient to impose such a limitation in a case such as this one; an applicant would be forced to make multiple filings against the same party in every district where that party might have documents.

As noted above, Newmont carries out substantial operations in Nevada. Indeed, the relevant issue here involves Newmont security, and their security director for the Americas (Mr. Sloane) is based in Nevada. Within this position, Mr. Sloane carries out "security duties for Minera Yanacocha" Sloane Dep. 27:7–27:20, and the security manager for Minera Yanacocha reports to him there. Sloane Dep. 19:24–20:3. It is unlikely that, although Newmont's security managers work in Nevada, the company keeps all of its security documents in Colorado. A security director for Newmont would likely have, for example, documents or information concerning a *security* contract, between Newmont and the Peruvian police in his possession or at his office in Nevada. The same would presumably be true of records of Newmont's policies and procedures, guidelines, and standards regarding security policies in place during the relevant time period.

This Court has clear authority to order Newmont to produce responsive documents held anywhere within the United States. And this Court *should* grant the discovery because it is likely that there are documents outside Colorado but within the United States that would be responsive but for the geographical limitation of its earlier Order. The Court already held that the categories of documents Mr. Campos seeks

7

should be produced because they were relevant to Mr. Campos's pending cases in Peru. Now that there is reason to believe additional documents are located in Nevada – indeed, that relevant documents are *more* likely to be located there than in Colorado – imposing a geographic limitation would undermine the main holding of the prior Order. If the fact that the documents themselves are not in Colorado is the only basis for denying this discovery, then Mr. Campos would be forced to file duplicative Applications in every U.S. jurisdiction in which Newmont might potentially have relevant documents. Section 1782 does not require such inefficiency.

## II.     If additional responsive documents are found, this Court should allow Applicant to depose Newmont about those documents.

The knowledge and testimony of Mr. Sloane, the 30(b)(6) deponent, was limited by his review of documents found only in the district of Colorado. *Supra.* But the purpose of a 30(b)(6) deposition is to ascertain what the *company* knows, rather than what the *witness* knows. *See* Wright & Miller, Fed. Prac. & Proc. § 2103 (noting that a 30(b)(6) deposition "is not limited to matters of which the witness has personal knowledge, but extends to *all information* reasonably available to the responding *organization*" (emphasis added)). As Mr. Sloane made clear over one-hundred times in his deposition, his preparation and testimony was limited strictly to information available in the district of Colorado. Mr. Sloane's failure to review documents held by Newmont outside of Colorado but in the United States – including documents in his own office – means that his testimony likely does not fully reflect what Newmont knows.

If there is more relevant information in the United States, Mr. Sloane's existing testimony may be incomplete and/or misleading, and Applicant should be accorded the opportunity to depose Mr. Sloane about any new documents.

## CONCLUSION

This Court has already ordered discovery concerning certain categories of information in its March Order. The Applicant respectfully requests that this Court order Newmont to produce all relevant documents within the United States that fall within those categories, and to permit Applicant to depose Newmont concerning any newly produced documents.

### Certificate of Compliance with COLO.LCivR 7.1.

In accordance with D.C. COLO.LCivR 7.1, Counsel for Applicant states that she has conferred with Counsel for Respondents to ascertain whether Newmont would provide Respondent with the information sought in this motion without recourse to the Court, but Counsel for Respondent declined to do so. Vahlsing Decl. Ex. C (Email of Oct. 5, 2015 from A. Bailey to M. Vahlsing); (Email of Nov. 30, 2015 from A. Bailey to M. Vahlsing).

Date:  December 11, 2015          Respectfully Submitted,

>/S/ Marissa Vahlsing
>MARISSA VAHLSING, ESQ.
>marissa@earthrights.org
>RICHARD HERZ, ESQ.
>rick@earthrights.org
>(based CT; admitted in NY; does not practice in DC's courts)
>MARCO SIMONS, ESQ.
>marco@earthrights.org
>EARTHRIGHTS INTERNATIONAL

1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo
Campos-Álvarez

10