IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 1:14-cv-00208-REB

ELMER EDUARDO CAMPOS-ALVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION,
NEWMONT PERU SRL, and
NEWMONT USA LTD.,

    Respondents.

## RESPONSE TO MOTION FOR SUPPLEMENTAL DISCOVERY

Mr. Campos' Motion for Supplemental Discovery is little more than a motion for reconsideration in (thin) disguise. This Court already ruled on Mr. Campos' application for discovery under 28 U.S.C. § 1782. Specifically, in its March 16, 2015 Order, the Court granted *in part* Mr. Campos' requests for discovery from Respondents (collectively, "Newmont"). In its Order, the Court set reasonable substantive and geographic limitations on Mr. Campos' requests. Newmont then fully complied with the Court's Order by producing thousands of documents and a corporate representative deponent at significant expense. Now, dissatisfied with the reasonable limitations the Court set, Mr. Campos asks for a redo. Having already had one costly bite at the apple, Mr. Campos should not be allowed another.

129080538.1

## BACKGROUND

Nearly two years ago, Mr. Campos applied to this Court to obtain discovery from Newmont for use in proceedings allegedly pending in Peru, to which Newmont is not a party. The application was pursuant to 28 U.S.C. § 1782, which gives the Court discretion to order that a non-party found within the district provide discovery for use in a foreign proceeding. Newmont at the time opposed the Application, not least because it was concerned that Mr. Campos' activist counsel's real interest in the requested discovery was to try to unfairly smear Newmont in the public arena. *See, e.g.,* Respondents' Resp. to Application for Order to Show Cause [#18] at 9-11.

Each side fully briefed its position. As Newmont observed in its submissions, discovery under Section 1782 is entirely within the Court's wide discretion – the Court may grant it, or deny it, or grant it with any limitations it deems appropriate under the circumstances. *See, e.g.*, *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems."); *Application of Consorcio Minero, S.A. v. Renco Grp.*, Inc., No. 11 MC 354, 2012 WL 1059916, at *3 (S.D.N.Y. Mar. 29, 2012) ("A district court retains wide discretion to impose conditions that it deems appropriate in granting discovery in connection with a foreign proceeding under 28 U.S.C. § 1782").

After carefully considering the facts, the law, the equities, and counsels' arguments, this Court granted Mr. Campos' Application. But with limitations. Specifically, the Court (1) limited the substantive scope of Mr. Campos' discovery

requests, and (2), as relevant to the instant motion, "limit[ed] approval of the requests of Mr. Campos . . . to only those documents and information held by the respondents in the district of Colorado." *See* Order Concerning Application for Discovery under 28 U.S.C. § 1782 [#22] at p. 5.

After the Court issued its Order, Mr. Campos and his counsel did not ask the Court to reconsider the Order's substantive or geographic limitations. Instead, they chose to plow ahead with discovery, insisting that Newmont produce documents and provide a corporate representative deponent as soon as possible. Newmont complied by (1) searching for, and producing to Mr. Campos, thousands of documents held by Newmont in Colorado (where Newmont is headquartered); and (2) allowing Mr. Campos to depose Newmont's corporate representative, Mr. Otto Sloane, for approximately eight hours on June 11, 2015 – a deposition attended by three lawyers for Mr. Campos, two outside lawyers for Newmont, and two internal Newmont representatives besides the deponent. During his deposition, Mr. Sloane made clear that his answers were based on information held by Newmont in Colorado, as the Court's Order required. Mr. Sloane did that to ensure that anyone reviewing the transcript would not be left with the mistaken impression that Newmont conducted a worldwide search for information responsive to Mr. Campos' questions, which this Court expressly had *not* required (even though Mr. Campos at the time requested it).

Now, some six months after Newmont fully complied with the Court's Order, Mr. Campos and his counsel have decided they do not like the Order's geographic limitation. So they have asked the Court to change the Order and require Newmont to

- 3 -

129080538.1

start again from the beginning, conducting a new search for responsive documents in locations outside of Colorado and providing a new corporate representative deposition.

## ARGUMENT

Mr. Campos' request that this Court re-write its earlier Order, which provided both sides the applicable rules of engagement, should be denied.  In the first place, the Court's geographic limitation was reasonable and carefully considered.  In the second place, if Mr. Campos did not like the geographic limitation, the time to raise his concerns was *before* Newmont incurred substantial expense to comply with the Court's Order as written; not six months after.

**1.      The Court's Geographic Limitation was Reasonable and Well Within the Court's Discretion.**

This Court had "wide discretion to impose conditions that it deem[ed] appropriate in granting discovery . . . under 28 U.S.C. § 1782." *Application of Consorcio Minero,* 2012 WL 1059916, at *3.  In its Order, the Court exercised that discretion by limiting approval of Mr. Campos' requests to "only those documents and information held by respondents in the district of Colorado."  The Court explained its reasoning: "Mr. Campos seeks production also of documents and other information held by respondents in Peru.  [F]or lack of some indication that information in Peru cannot be obtained via the Peruvian proceedings, I decline to expand the scope of this § 1782 discovery beyond the district of Colorado."  *See* Order Concerning Application for Discovery under 28 U.S.C. § 1782 [#22] at p. 5.

That reasoning is as sensible now as it was when the Court issued its Order last March.  Mr. Campos' discovery requests concern events that happened in Peru.  It

should come as no surprise, then, that many of the requested documents and much of the requested information are located in Peru.  Newmont's corporate representative, Mr. Otto Sloane, explained as much during his deposition:

> Q. Mr. Sloane, can you state for the record in what country the events that we've been discussing today took place?
>
> A. Peru.
>
> Q. And where would most of the information about those events be held?
>
> A. In Peru.[1]

Ten months after the Court's Order, there is still "no indication that information in Peru cannot be obtained via the Peruvian proceedings" – indeed, there is no indication that Mr. Campos has even *attempted* to obtain discovery through the Peruvian court system.

This, of course, is not to say that Mr. Campos' discovery of information held by Newmont in the District of Colorado was fruitless (to the contrary, it was voluminous[2]). It is only to say that, as this Court has recognized, if Mr. Campos is interested in what happened in Peru, then Peru is likely the best place to continue the search for that information.  If Mr. Campos wants that information, he should follow the Court's prior guidance and pursue the information via the Peruvian proceedings.

Evidently, Mr. Campos declines to do that.  Instead of seeking information where it is likely to exist, he asks the Court to revise its § 1782 Order – months after Newmont

---

[1] Ex. 1 – Dep. of O. Sloane dated 6/11/2015, at 268:21 – 269:16.

[2] Following the Court's Order, Newmont produced thousands of documents to Mr. Campos, including dozens of photographs and videos and hundreds of emails related to the events in question. Mr. Campos then deposed Newmont's corporate representative about those documents for nearly eight hours.

- 5 -

complied with it – to require Newmont to search for and produce responsive documents and information it *might* have at any of its operations in the United States.  In particular, Mr. Campos apparently has now honed in on Newmont's operations in Nevada, because (1) Newmont's corporate representative, Otto Sloane, is currently based in Nevada; and (2) Newmont's North America operations are located in Nevada.[3]  But neither of those rationales is persuasive.  First, although Mr. Sloane is currently based in Nevada, he has been there only since April 2013 – well after the events at issue.[4]  Second, Peru is located in South America, not North America – so why Mr. Campos thinks he should target Newmont's North America operations is a mystery.

Simply put, Mr. Campos has offered no evidence that Newmont has, or is likely to have, additional, non-duplicative, responsive documents at its U.S. operations outside of the company's Colorado headquarters.  Mr. Campos is merely speculating on that point.  Newmont already went to tremendous effort and expense to search for and produce relevant documents located at its Colorado headquarters.  There is no basis to send Newmont on a potential wild goose chase across Nevada and the rest of the United States for non-duplicative documents related to events that happened in Peru in 2011 – especially given that Mr. Campos, to the best of Newmont's understanding, has

---

[3]  *See* Mr. Campos' Mot. for Supp. Disc. at pp. 2, 5.  Mr. Campos makes much of the fact that Mr. Sloane is Newmont's Security Director for the Americas, and, in that capacity, *currently* has some involvement with operations in Peru.  But that was not Mr. Sloane's position in 2011 and 2012, the timeframe relevant to Mr. Campos' requests.  During that timeframe, Mr. Sloane was not based in Nevada and was not involved with Newmont's operations in Peru.  *See* Ex. 1 – Dep. of O. Sloane dated 6/11/2015, at 22:22 – 23:15.  Mr. Sloane's current position in Nevada is irrelevant – nothing about it suggests there are likely to be documents in Nevada related to events that happened years ago in Peru.

[4]  Ex. 1 – Dep. of O. Sloane dated 6/11/2015, at 22:22 – 23:15.

- 6 -

not even attempted to exhaust Peruvian mechanisms for obtaining discovery in Peru (that is, he has ignored the very step driving this Court's geographic analysis).

**2.     Mr. Campos Should have Raised His Concerns with the Court's Order *Before* Newmont Went to Significant Expense to Comply with It.**

The timing of Mr. Campos' motion is an independent reason to deny it. The Court, after all, issued its Order limiting the scope of Mr. Campos' requests to information held by Newmont in the district of Colorado in March 2015 – some ten months ago. When the Court issued its Order, Mr. Campos was well aware that Newmont had U.S. operations outside of Colorado. That is public information. If Mr. Campos believed the Court's geographic limitation was improper or unduly restrictive, he at the time should have filed a motion to reconsider or otherwise raised his concerns with the Court. He did not. Instead, he chose to aggressively pursue discovery, insisting that Newmont produce documents and provide a corporate representative "as soon as possible." Newmont went to significant effort and expense to fully comply with the Court's Order. Now, many months *after* Newmont complied with the Court's Order, Mr. Campos wants a revised Order. Newmont should not be required to go through the § 1782 discovery process a second time based on Mr. Campos' belated request for the Court to change its mind.

### CONCLUSION

Mr. Campos offers no compelling reason for the Court to reconsider its discovery Order many months after Newmont complied with it. He has no evidence that Newmont has non-duplicative, responsive documents at its U.S. operations outside of Colorado. Moreover, he has not even attempted to follow this Court's guidance and pursue

- 7 -

discovery in Peru, where relevant information likely is located.  The Court was well within its discretion to limit Mr. Campos' discovery requests as it did.  And nothing in Mr. Campos' filing justifies deviating from that course now.

    Mr. Campos' motion should be denied.

Respectfully submitted this 5th day of January, 2016.

                                      *s/ Alex H. Bailey*
                                      T. Markus Funk
                                      Alex H. Bailey
                                      Perkins Coie LLP
                                      1900 Sixteenth Street, Suite 1400
                                      Denver, CO 80202
                                      Telephone:  (303) 291-2300'
                                      Facsimile:  (303) 291-2400
                                      Email:  abailey@perkinscoie.com
                                      Attorneys for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I electronically filed the foregoing **RESPONSE TO MOTION FOR SUPPLEMENTAL DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Richard Lawrence Herz
  rick@earthrights.org

- Marissa Ann Vahlsing
  marissa@earthrights.org

*s/ Alex H. Bailey*
T. Markus Funk
Alex H. Bailey
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone:  (303) 291-2300
Facsimile:  (303) 291-2400
Email:   abailey@perkinscoie.com

Attorneys for Respondents