IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD.

    Respondents

---

**APPLICANT ELMER EDUARDO CAMPOS-ÁLVAREZ'S REPLY IN SUPPORT OF MOTION FOR SUPPLEMENTAL DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

---

This Court has already held that the Applicant is entitled to discovery about certain security issues. Although the Court limited such discovery to Colorado, where Newmont[1] has its home office, Newmont has since revealed in discovery that its personnel responsible for security in the Americas — including its own Rule 30(b)(6) designee — are based in Nevada. This new information points to the likely existence of additional responsive documents held by Newmont outside of Colorado but in the United States. Newmont's Response to Motion for Supplemental Discovery (1/05/16)

---

[1] Newmont Mining Corporation, Newmont Peru, SRL, and Newmont USA Limited (together "Newmont" or "Respondents").

1

(D.E. 35) provides no persuasive reason why this Court should permit Newmont to withhold responsive documents located in the Newmont office that deal with the relevant issues.

Newmont does not deny that there are responsive documents at its security office in Nevada. Nor does it deny Mr. Campos's showing that courts routinely order parties to produce documents held outside of the district but within the United States. And Newmont makes little effort to explain why the mere fact that it keeps its documents in another state should shield it from discovery, or why additional discovery would be burdensome. Instead, it pins its hopes on the claim that the Court's geographical limit was a proper exercise of discretion, which is irrelevant given that Mr. Campos's Request for Supplemental Discovery is based on *new* information Newmont revealed *after* this Court's order.

Newmont seeks to revive arguments this Court has already rejected. In particular, it argues that the underlying events occurred in Peru. But that was its primary argument in opposing discovery at the outset. This Court held that Mr. Campos is entitled to at least some discovery from Newmont in the U.S. and that it was not necessary that Mr. Campos first seek documents in Peru. D.E. 22 at 7. Newmont provides no basis for the Court to change its mind, and no argument as to why the fact that the events at issue occurred in Peru should preclude discovery of relevant documents in its Nevada office when it did not preclude discovery of its documents in Colorado.

2

Newmont also makes a meritless argument that Mr. Campos should have filed his motion prior to discovery, even though Mr. Campos had no reason to know there were likely documents outside Colorado until he learned as much in discovery. Mr. Campos's motion should not be denied merely because he did not happen to know where Newmont keeps its documents.

Because Newmont likely has responsive documents outside of Colorado but within the United States — in at least Nevada where its Security Director for the *Americas* works and resides — and because Mr. Campos did not learn of this until the deposition, this Court should grant Mr. Campos access to any non-duplicative responsive documents held by Respondents in the United States and grant a supplemental deposition to address any new documents.

## ARGUMENT

### I. This Court has the discretion to order additional discovery and Fed.R.Civ.P. 30(b)(6) depositions and should do so here.

Newmont argues that supplemental discovery should be denied because this Court exercised discretion by limiting discovery to documents in the District of Colorado. But even Newmont acknowledges that this limitation was likely a response to Newmont's assertion that it should not be required to search for documents in *Peru*. D.E. 35 at 4. Mr. Campos's motion is not asking for documents in Peru, it seeks Newmont's documents in the United States.

In the prior briefing, Newmont argued that discovery should be limited to the *United States*. D.E. 18 at 6 & n.2. At no point did it request to limit discovery to Colorado

3

(as it does now). Nor did Newmont ever argue that any documents it held in the United States were only in Colorado.

To support their new "only in Colorado" position, Newmont relies on exhaustion arguments it has already lost. It insists, again, that Mr. Campos should first seek these documents in Peru. D.E. 35 at 5. But this was Newmont's principle argument in opposition to the original Application. *See* D.E. 18 at 4-6 ("The proper course of action would be for Applicant to seek the desired documentation in Peru."). This Court disagreed with Newmont and held that Section 1782 discovery is warranted. D.E. 22 at 7.

Newmont ignores that holding and somehow claims that this Court agreed with *them*. D.E. 35 at 5. ("[A]s this Court has recognized, if Mr. Campos is interested in what happened in Peru, then Peru is likely the best place to continue the search for that information."). Newmont cites nothing in the Court's Order to support this claim, which is completely at odds with the fact that the Court granted discovery. Just as Newmont's argument that there might be documents in Peru did not counsel against discovery of Newmont documents in Colorado, it likewise does not counsel against discovery of Newmont documents in Nevada.

In its original briefing, Newmont tried to suggest — falsely — that, because the underlying events occurred in Peru, discovery in the United States was likely to be fruitless. D.E. 18 at 5-6. ("[M]any of the documents that Applicant requests through his § 1782 application are located in Peru . . . . These documents are not located in the United States and are not in the custody or possession of Newmont."). As Newmont

4

now concedes, this Court's order forced it to divulge "thousands" of relevant documents, D.E. 35 at 1, from Newmont's Colorado office, even though the most relevant U.S. office is elsewhere. Mr. Campos should be permitted access to all of the relevant documents Newmont has in the United States, not just those that happen to be in Colorado.[2]

This Court's earlier exercise of discretion does not prevent this Court from conforming the scope of discovery to the new information that responsive documents are likely in Nevada. There is no dispute that courts have the power to reopen discovery, particularly when a party obtains new, relevant information about the location or availability of evidence. *See In re Application of Michael Wilson & Partners*, 2009 WL 1193874, at *6 (D. Colo. Apr. 30, 2009). Here, Mr. Campos has already demonstrated that, based on answers Newmont's designee gave during the 30(b)(6) deposition, Newmont likely has additional evidence outside of Colorado but within the United States that could aid the Peruvian proceedings. *See* D.E. 32 at 4-8. It would be well within this Court's discretion to permit Mr. Campos access to such documents. Indeed, the careful exercise of discretion would require that the Court consider this new information, not ignore it.

The exclusion of those documents has thus far precluded Mr. Campos not only from adequate document discovery, but also from an adequate Rule 30(b)(6) deposition. Rule 30(b)(6) requires that the corporate designee "shall testify as to matters

---

[2] Newmont also repeats its prior attacks on Mr. Campos's counsel. D.E. 35 at 2. But this Court has already ruled that Mr. Campos is entitled to discovery, notwithstanding Newmont's unfounded claims regarding counsel's purported purpose in seeking it. And the Court has been proven correct. Counsel for Mr. Campos has already submitted key documents disclosed by Newmont in Peruvian courts. Newmont is well aware of this, as counsel coordinated with them to protect the documents they (improperly) marked as confidential. And counsel will continue to use discovery obtained in this action in good faith.

5

known or reasonably available to the *organization*." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) (emphasis added). But Respondents admit that they chose a representative, Mr. Sloane, who was not even working on security issues in Peru during the relevant time. D.E. 35 at 6 & n.3; D.E. 36 at 5. Instead, he was working in Africa. *Id.* And that absence of firsthand knowledge, in conjunction with the absence of any review of documents in Nevada, led Mr. Sloane to respond "I don't know" to countless questions about which one would expect *Newmont* to have knowledge. D.E. 32 at 5. This response does not reveal what *Newmont* knows.

Courts have discretion to grant an additional Rule 30(b)(6) deposition for 1782 discovery if the deponent chooses a representative who was not adequately prepared or knowledgeable. *See In re Application of Michael Wilson & Partners*, 2009 WL 1193874, at *5 (D. Colo. Apr. 30, 2009). "A deponent does not fulfill its obligations at the Rule 30(b)(6) deposition by stating it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available." *Id.* at 3.

Because Respondents produced a deponent who had no personal knowledge and who did not even review documents in his own office, Mr. Campos should be permitted a supplemental deposition, based on the relevant security documents Respondents have not yet produced.

## II. There is little question that Respondents have responsive documents in Nevada.

Respondents' claim that Mr. Campos has "offered no evidence that Newmont has, or is likely to have, additional, non-duplicative, responsive documents at its U.S. operations outside of the company's Colorado headquarters" is wrong. D.E. 35 at 6. Mr.

6

Campos demonstrated that Newmont employees responsible for security *throughout* the Americas are in Nevada. D.E. 32 at 5. Indeed, this includes Mr. Sloane, who Newmont claims is the Newmont employee most knowledgeable on these issues. The Newmont office responsible for security in the Americas would surely have relevant documents on security for operations in Peru. Indeed, Newmont does not deny that its Nevada security employees work with documents in their offices. Nor does it deny that those employees have documents responsive to Mr. Campos's discovery requests. Mr. Campos has easily shown that Newmont is likely to have responsive documents in the United States outside of Colorado.

Newmont argues that Mr. Sloane arrived in Nevada after the events at issue, D.E. 35 at 6, but that is irrelevant to whether there are responsive documents there. As Newmont admits, prior to coming to Nevada, Mr. Sloane was Newmont's Regional Security Director for Africa; he was not working on Peru issues in his former location. *Id.* at 6, n. 3; D.E. 36 at 4-5. Regardless, Newmont does not claim that there were no security employees based in Nevada at the time of the incidents in Peru. Nor does it suggest that Mr. Sloane's assignment to Nevada was somehow random; that Newmont's Nevada office did not have any security function until Mr. Sloane arrived. Absent that sort of evidence, one can safely presume that Newmont's relevant security office has relevant security documents.

Newmont's second objection, that the underlying events occurred in Peru, is equally unavailing. D.E. 35 at 6. There is no question that Newmont has relevant documents in the United States; some of those have already been produced. Mr.

7

Campos simply needs access to the security documents from the location where such documents are most likely stored, Newmont's security office.

Many of these documents are likely to be non-duplicative. Newmont has not provided any evidence suggesting there is any Newmont policy or practice under which copies of responsive documents would have been sent to Colorado. Absent such a policy or practice, there is every reason to believe there are non-duplicative documents in Nevada.

At bottom, by suggesting that *Mr. Campos* has to *prove* there are responsive, non-duplicative documents, Respondents attempt to create a new burden on all discovery seekers that few could meet. All of the information about what documents Newmont has and where it keeps them are, of course, in Newmont's hands. That is generally so, and it is why discovery requests do not require that the Applicant have definite knowledge on whether and where the documents sought exist. Instead, a party seeking additional discovery need only show that the existing discovery "permit[s] a reasonable deduction that other documents may exist." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). Mr. Campos more than adequately demonstrates that Newmont is likely to have responsive documents in the United States, outside of Colorado. That is enough.

### III. Mr. Campos's request is timely.

Respondents' assertion that Mr. Campos's request is untimely because he did not raise it when the Court issued its ruling makes little sense. D.E. 35 at 7. Although it "is public information" that Newmont had "U.S. operations outside of Colorado," *id.*, Mr. Campos had no reason to know that Newmont ran its security function out of Nevada

8

rather than its home office in Colorado until Mr. Sloane revealed that information at his deposition. Newmont cannot seriously suggest that Mr. Campos was required to ask this Court to alter its ruling *before* Mr. Campos ever learned that the geographic limit mattered. That would unfairly prejudice Mr. Campos for not knowing information that was purely in Respondents' possession. And, such a requirement, if it existed, would result in a flood of unnecessary motions for reconsideration of any limit on discovery — even those like this one, that appear inconsequential at the time — because litigants could not take the chance that discovery would later reveal such a limit to be critical.

Courts hearing 1782 applications will reopen discovery in the wake of information that arises during an initial round of discovery. *See In re Wilson*, 2009 U.S. Dist. LEXIS 42046, at * 9 (D. Colo. Apr. 30, 2009) (The Court granted 1782 Applicant's additional discovery after initial round yielded the possibility that additional responsive information was located elsewhere and because original deponent had engaged "in little to no preparation for the deposition, even on the circumscribed topics to be covered."). Both Peruvian cases are still in stages during which additional documents can be submitted, and will be accepted by the Peruvian courts.[3] Mr. Campos's motion is timely.

## CONCLUSION

This Court has already granted Mr. Campos access to certain categories of documents. Allowing Newmont to withhold documents in those categories simply because Newmont keeps them in Nevada or some other U.S. office rather than

---

[3] In fact, counsel in Peru will soon be submitting documents disclosed by Respondents during a hearing in the criminal case. One of Mr. Campos's attorneys for this Application, Maryum Jordan, will testify to the authenticity of the documents.

Colorado would undermine the spirit of this Court's prior ruling. Thus, Mr. Campos respectfully requests that this Court order Respondents to produce all responsive documents within the United States, and to permit Mr. Campos to depose Respondents concerning any newly produced documents.

Date: January 19, 2016                     Respectfully Submitted,

/S/ Marissa Vahlsing
MARISSA VAHLSING, ESQ.
marissa@earthrights.org
RICHARD HERZ, ESQ.
rick@earthrights.org
(based in CT; admitted in NY; does not practice in DC's courts)
MARYUM JORDAN, ESQ.
maryum@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo Campos-Álvarez

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2016, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION FOR SUPPLEMENTAL DISCOVERY PURSUANT TO 28 U.S.C. § 1782** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- T. Markus Funk (MFunk@perkinscoie.com)
- Alex H. Bailey (ABailey@perkinscoie.com)

Date: January 19, 2016       Respectfully Submitted,

*/S/ Marissa Vahlsing*
MARISSA VAHLSING, ESQ.
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorney for Applicant Elmer Eduardo Campos-Álvarez