## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 14-cv-00208-REB

ELMER EDUARDO CAMPOS-ALVAREZ,

     Applicant,

v.

NEWMONT MINING CORPORATION,
NEWMONT PERU SRL, and
NEWMONT USA LTD.,

     Respondents.

---

## PROTECTIVE ORDER

---

**Blackburn, J.**

This matter is before the court on **Respondents' Motion for Protective Order**
[#29][1] filed July 17, 2015.  The applicant filed a response [#30] and the respondents
filed a reply[#31].  The applicant filed a **Notice of supplemental authority** [#33].  I
grant the motion.

Previously, I entered an order [#22] requiring the respondents to provide certain
discovery to the applicant. The applicant, Elmer Campos-Alvarez, applied to this court
for relief under 28 U.S.C. § 1782, which provides that a district court may order a
person found within the district to provide discovery to an applicant for use in a
proceeding in a foreign tribunal.  Mr. Campos-Alvarez sought discovery from the
respondents for use in a criminal proceeding and a civil proceeding in Peru.  In his

---

[1]  "[#29]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

petition [#1], Mr. Campos-Alvarez stated no other basis for his request for discovery under § 1782.

The respondents have produced 1,600 documents to Mr. Campos-Alvarez.  In their present motion, the respondents seek a protective order concerning eight of those documents.  The respondents provided copies of the eight documents to the court for review *in camera*.

Fed. R. Civ. P. 26 is applicable in this case and all civil cases.  Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.  On a showing of good cause, the court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  That may include "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(1)(G).  To establish good cause for a protective order, a party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n. 16 (1981).

The documents labeled NMT-000450 - 00471, NMT-001512 - 001517, NMT-001936, and NMT-001937 are internal reports of the respondents which detail how private and public security forces responded to certain threats to Newmont property and employees in Peru in November 2011.  Newmont contends broad disclosure of how security forces assess and respond to security threats would pose a risk to the operations of Newmont in Peru, to its personnel in Peru, and to the Peruvian National Police, which was involved in the operation described in these documents.  Without doubt, disclosure of details about security assessments, operations, and responses

readily can undermine a security operation.  The fact that the particular event described took place more than four years ago does not change that fact.  The respondents are entitled to a protective order to restrict use and disclosure of these internal company reports.  These documents are confidential research and commercial information.

The documents labeled NMT000472, NMT-000473 - 000484, and NMT-001413 - 001414, and NMT-001415 - 001475 are confidential reports the respondents commissioned concerning their image in the news and in social media concerning protests of the mining activities es of the respondents in Peru.  These documents include recommendations about how the respondents shoudl approach public relations going forward.  These documents are confidential research and commercial information.  The respondents are entitled to a protective order which limits the use and disclosure of this information.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Respondents' Motion for Protective Order** [#29] filed July 17, 2015, is granted;

2. That the documents labeled NMT-000450 - 00471, NMT-001512 - 001517, NMT-001936, NMT-001937  NMT000472, NMT-000473 - 000484, NMT-001413 - 001414, and NMT-001415 - 001475 have been designated properly by the respondents as confidential documents (the Confidential Documents);

3.  That the Confidential Documents listed in paragraph two (2), above, shall be subject to the restrictions and protections stated in this order;

4.  That the applicant, Elmer Eduardo Campos-Alvarez, and his representatives, including his counsel, shall use the Confidential Documents only as necessary for civil and criminal proceedings pending in Peru as described in his application for discovery

under 28 U.S.C. § 1782 [#1] (the Peruvian Proceedings);

5.  That within the Peruvian Proceedings, the applicant, Elmer Eduardo Campos-Alvarez, and his representatives, including counsel, shall use their best efforts to maintain the confidentiality of the Confidential Documents, including the utilization of available sealing mechanism when filing the Confidential Documents in the courts of Peru, and by requesting in writing that anyone who receives the Confidential Documents in connection with the Peruvian Proceedings preserve their confidentiality by using them only as necessary for the Peruvian Proceedings;

6.  That the protections stated above shall apply equally to any portion of any deposition transcript or recording that discusses the substance of the Confidential Documents; and

7.  That should the Applicant, Elmer Eduardo Campos-Alvarez  and his representatives, including counsel, desire to use the Confidential Documents in any way that exceeds the restrictions stated in this order, they shall apply to this court for permission to do so.

Dated March 24, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

4