RICHARD HERZ, ESQ.
rick@earthrights.org
MARISSA VAHLSING, ESQ.
marissa@earthrights.org
MARYUM JORDAN, ESQ.
Maryum@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo Campos-Álvarez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00208-REB-BNB

ELMER EDUARDO CAMPOS-ÁLVAREZ,

    Applicant,

v.

NEWMONT MINING CORPORATION;
NEWMONT PERU SRL;
NEWMONT USA LTD.

    Respondents.

---

**EMERGENCY MOTION OF APPLICANT ELMER EDUARDO
CAMPOS-ÁLVAREZ FOR AN ORDER REQUIRING RESPONDENTS TO CERTIFY
THE AUTHENTICITY OF THE DOCUMENTS THEY PRODUCED**

---

    This Court has twice ordered Respondent Newmont to produce documents to Petitioner Elmer Eduardo Campos-Alvarez to aid two Peruvian court cases. D.E. 22; D.E. 41. But Newmont tries to undo that Order. It refuses to simply certify that the

1

documents it produced are the documents it actually produced. It does so because it knows that without such certification, the Peruvian court hearing Mr. Campos's case is unlikely to accept the documents. That is, Newmont seeks to thwart the entire point of this Court's order: to provide Mr. Campos with evidence for use in his foreign legal action.

Accordingly, Applicant Elmer Eduardo Campos-Álvarez respectfully requests that this Court order Newmont to provide a certification of the authenticity of the documents Newmont has produced to him. Because Mr. Campos's counsel in Peru must submit the requested certificate at a hearing that will very likely occur in May 2017, Mr. Campos respectfully requests immediate action on this motion.

## I.      Background and need for this motion.

On January 14, 2014, Mr. Campos filed an Application in this Court for discovery from the Newmont Respondents ("Newmont") pursuant to the assistance to foreign tribunals statute, 28 U.S.C. § 1782, in order to aid two pending actions in Peru - one criminal action and one civil action. D.E. 1. On March 16, 2015, this Court granted, in part, Mr. Campos's discovery requests. The Court ordered Newmont to produce nine categories of documents and authorized a Rule 30(b)(6) deposition. D.E. 22 at 5, 7.

On July 17, 2015, Newmont successfully moved this Court for a permanent Protective Order regarding eight Newmont documents. D.E. 29. Among these, Newmont specifically sought to protect those documents with Bates numbers NMT-000450- NMT-000471- CONFIDENTIAL and NMT-001512- NMT-001517- CONFIDENTIAL. D.E. 29. Regarding these two documents, Newmont stated: "These documents are internal Newmont reports that detail how private and public security

2

forces responded to security threats to Newmont property and employees in November 2011." D.E. 29 at 13.

After Newmont's document production, Mr. Campos's counsel in Peru attempted to submit in a Peruvian court the same two documents that this Court ordered Newmont to produce. Mr. Campos sought to submit these documents in support of the criminal case he has filed. (Corte Superior de Justicia de Cajamarca, Juzgado de Investigación Preparatoria de la Provincia de Celendín). That matter, case number 00090-2016-1-0601-SP-PE-01, is one of the cases that served as the basis for Mr. Campos's Section 1782 request.

However, during a trial before that Peruvian tribunal, Newmont's Peruvian subsidiary - Minera Yanacocha, which is a potential third party defendant in Mr. Campos's case, challenged the authenticity of the internal documents Newmont produced to Mr. Campos. *See* Declaration of María del Mar Pérez Aguilera ("Pérez Decl."). The court accepted Minera Yanacocha's objections. Pérez Decl. ¶5. Thus, Mr. Campos's Peruvian counsel must now verify the authenticity of the documents so that they can be used as evidence. And a certification of authenticity is needed soon to avoid any delays of the appeals stage in the criminal proceeding. Pérez Decl. ¶6.

Since October 2016, Mr. Campos has attempted to obtain a certificate of authenticity and chain of custody of the documents from the Respondents directly. *See* Declaration of Marissa Vahlsing ("Vahlsing Decl."). But Newmont steadfastly refused to authenticate the documents at every turn.

Indeed, it refused even though Mr. Campos amended a proposed certificate of authentication twice for the Respondents in order to address their concerns. Vahlsing

Decl. ¶¶12, 19. Mr. Campos even suggested, as a compromise, that Respondents only provide a certificate of authentication for the two documents, NMT-000450-NMT-000471-CONFIDENTIAL and NMT-001512-NMT-00157-CONFIDENTIAL. Vahlsing Decl. ¶¶12, 19. But Respondents refused to comply with Mr. Campos's request, stating that they do not know the history of any of the documents they themselves produced. Vahlsing Decl. ¶¶18-19.

Newmont's claimed ignorance and denial is particularly puzzling with respect to those two documents, because both NMT-000450-NMT-000471-CONFIDENTIAL and NMT-001512-NMT-00157-CONFIDENTIAL are subject to the protective order Respondents requested. D.E. 40. As noted above, Respondents sought a protective order for those documents alleging that they deal with the security of Respondents' property and employees or are internal company documents of the Respondents. D.E. 29. But now they say they are unable to certify the chain of custody of their own protected documents.

Newmont also refused to provide even a certification that the documents in question were in fact produced by Newmont. It did not claim any burden or prejudice; it said only that it was "under no obligation" to do so. Vahlsing Decl. ¶21.

These documents are critical for Mr. Campos's request to add Minera Yanacocha as a third party defendant. Pérez Decl. ¶¶5-6. On April 3, 2017, the court rejected the request questioning the veracity of the information in the documents in question, and concluding that Mr. Campos's evidence did not meet the legal standard for adding a third party defendant. Pérez Decl. ¶5. Mr. Campos filed an appeal on April 11, 2017. He and his counsel are currently waiting for the date of the hearing for the appeal, which

will very likely occur in May 2017. Pérez Decl. ¶6. In order to use the information from the documents in question during the hearing, he must provide a certification of their authenticity. Pérez Decl. ¶6.

## II.   Courts regularly order a certification of authentication in 28 U.S.C. § 1782 applications.

Newmont's refusal to certify the authenticity of the documents this Court ordered it to produce contravenes the purpose of the Foreign Legal Assistance Act. Congress established the Act to *assist foreign proceedings*. 28 U.S.C. § 1782. Therefore, should a foreign court require a guarantee of authentication to accept documents produced through a Section 1782 application as evidence, a request for certification should be provided.

Certifications verifying the authenticity of documents produced pursuant to Section 1782 applications are regularly provided either by the parties or pursuant to court order. *See Amgen Inc. v. Hill*, 2015 U.S. Dist. LEXIS 38832, at *1-2 (D. Utah Feb. 24, 2015)(ordering documents produced pursuant to 28 U.S.C. § 1782 action to be "accompanied by a signed certification verifying the authenticity of the documents"); *see also Khodorkovsky v. Cambridge Energy Research Associates, Inc.*, No. C07-80215MMCBZ, 2008 WL 2002562, at *1–2 (N.D. Cal. May 7, 2008); *Petition for Judicial Assistance Pursuant to 28 U.S.C. Section 1782 ex rel. Suzlon Energy Ltd. v. Microsoft Corp.*, No. C10-0170MJP, 2010 WL 9461982, at *4 (W.D. Wash. Aug. 18, 2010), *aff'd sub nom. Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726 (9th Cir. 2011); I*n re Application of Elvis Presley Enterprises LLC for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, No. 15MC386 (DLC), 2016 WL 843380, at *3 (S.D.N.Y. Mar. 1,

2016). There is no reason for departing from that practice here. Newmont seeks to prevent Mr. Campos from using these documents in exactly the way this Court anticipated. The Court should not approve such games.

## CONCLUSION

This Court has already ordered discovery to assist Mr. Campos's proceedings in Peru. But absent a certification, the Court's Orders will be for naught. Accordingly, Mr. Campos respectfully requests that this Court order Respondents to provide Mr. Campos a notarized certification, under penalty of perjury, verifying the authenticity of all of the responsive documents, and a chain of custody of the documents at the time of production. Given the upcoming hearing in the Peruvian Court, Mr. Campos respectfully requests that this Court order Respondents to do so by May 10th.

### Certificate of Compliance with COLO.LCivR 7.1.

In accordance with D.C. COLO.LCivR 7.1, Counsel for Petitioner states that co-counsel has conferred with Counsel for Respondents to ascertain whether Newmont would provide Respondent with the certification of authenticity sought in this motion without recourse to the Court, but Counsel for Respondent declined to do so. Vahlsing Decl. Ex. 1-3.

Date: April 28, 2017                           Respectfully Submitted,

/S/ Maryum Jordan
MARYUM JORDAN, ESQ.
Maryum@earthrights.org
RICHARD HERZ, ESQ. [1]
rick@earthrights.org

---

[1] Based in CT; admitted in NY; does not practice in DC's courts.

MARISSA VAHLSING, ESQ.
marissa@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorneys for Applicant Elmer Eduardo
Campos-Álvarez

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, I electronically filed the foregoing MOTION FOR AN ORDER REQUIRING RESPONDENTS TO CERTIFY THE AUTHENTICITY OF THE DOCUMENTS THEY PRODUCED with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- Alex H. Bailey

    abailey@perkinscoie.com

- Duston K. Barton

    DBarton@perkinscoie.com

- T. Markus Funk

    mfunk@perkinscoie.com

/*S/ Maryum Jordan*
MARYUM JORDAN, ESQ.
EARTHRIGHTS INTERNATIONAL
1612 K Street N.W., Suite 401
Washington, DC 20006
Telephone: (202) 466-5188
Facsimile: (202) 466-5189

Attorney for Applicant Elmer Eduardo Campos-Álvarez